CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**ESSEX COUNTY**
**Docket Report**

**2477CV00359 Andrea Wells Individually and on Behalf of Others similarly situated et al vs. Northeast Behavioral Health Corporation et al**

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 04/11/2024 |
| **ACTION CODE:** A04 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Employment Contract | |
| **CASE DISPOSITION DATE:** 05/28/2024 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 05/28/2024 |
| **CASE JUDGE:** | **CASE SESSION:** Civil B |

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 07/10/2024 | 05/28/2024 |
| Rule 12/19/20 Served By | 08/09/2024 | 05/28/2024 |
| Answer | 08/09/2024 | 05/28/2024 |
| Rule 15 Served By | 08/09/2024 | 05/28/2024 |
| Rule 12/19/20 Filed By | 09/09/2024 | 05/28/2024 |
| Rule 15 Filed By | 09/09/2024 | 05/28/2024 |
| Rule 15 Heard By | 10/08/2024 | 05/28/2024 |
| Rule 12/19/20 Heard By | 10/08/2024 | 05/28/2024 |
| Discovery | 02/05/2025 | 05/28/2024 |
| Rule 56 Served By | 03/07/2025 | 05/28/2024 |
| Rule 56 Filed By | 04/07/2025 | 05/28/2024 |
| Final Pre-Trial Conference | 08/04/2025 | 05/28/2024 |
| Judgment | 04/13/2026 | 05/28/2024 |

## PARTIES

| | |
|---|---|
| **Plaintiff**<br>Holland, Jeannette | **Attorney** 703798<br>Matthew D Patton<br>Law Office of Nicholas F. Ortiz P.C.<br>Law Office of Nicholas F. Ortiz P.C.<br>One Boston Place Suite 2600<br>Boston, MA 02108<br>Work Phone (617) 338-9400<br>Added Date: 05/07/2024 |
| **Plaintiff**<br>Martin Mccray Individually and on behalf of others similarly situated | **Attorney** 703798<br>Matthew D Patton<br>Law Office of Nicholas F. Ortiz P.C.<br>Law Office of Nicholas F. Ortiz P.C.<br>One Boston Place Suite 2600<br>Boston, MA 02108<br>Work Phone (617) 338-9400<br>Added Date: 05/07/2024 |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**ESSEX COUNTY**
**Docket Report**

| | | |
|---|---|---|
| **Plaintiff**<br>Andrea Wells Individually and on Behalf of Others<br>similarly situated | **Attorney**<br>Matthew D Patton<br>Law Office of Nicholas F. Ortiz P.C.<br>Law Office of Nicholas F. Ortiz P.C.<br>One Boston Place Suite 2600<br>Boston, MA 02108<br>Work Phone (617) 338-9400<br>Added Date: 04/11/2024 | 703798 |
| **Defendant**<br>Cullen,  Jennifer | **Attorney**<br>Scott Alan Roberts<br>Hirsch Roberts Weinstein LLP<br>Hirsch Roberts Weinstein LLP<br>24 Federal St 12th Floor<br>Boston, MA 02110<br>Work Phone (617) 348-4340<br>Added Date: 05/09/2024 | 550732 |
| **Defendant**<br>Jacobs,  Hilary | **Attorney**<br>Scott Alan Roberts<br>Hirsch Roberts Weinstein LLP<br>Hirsch Roberts Weinstein LLP<br>24 Federal St 12th Floor<br>Boston, MA 02110<br>Work Phone (617) 348-4340<br>Added Date: 05/09/2024 | 550732 |
| **Defendant**<br>Northeast Behavioral Health Corporation | **Attorney**<br>Scott Alan Roberts<br>Hirsch Roberts Weinstein LLP<br>Hirsch Roberts Weinstein LLP<br>24 Federal St 12th Floor<br>Boston, MA 02110<br>Work Phone (617) 348-4340<br>Added Date: 05/09/2024 | 550732 |

| FINANCIAL SUMMARY | | | | |
|---|---|---|---|---|
| Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| **Total** | **770.00** | **770.00** | **0.00** | **0.00** |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**ESSEX COUNTY**
**Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 04/11/2024 | 1 | Complaint electronically filed. | |
| 04/11/2024 | 2 | Civil action cover sheet filed. | |
| 04/11/2024 | | Case assigned to:<br>DCM Track F - Fast Track was added on 04/11/2024 | |
| 04/11/2024 | | EDocument sent:<br><br>Tracking Order<br>Sent On: 04/11/2024 15:48:11<br>Notice Sent To: Matthew D Patton, Esq. mdp@mass-legal.com | |
| 04/11/2024 | | Demand for jury trial entered. | |
| 04/11/2024 | | Class action filed under Mass. R. Civ. P. 23 | |
| 04/15/2024 | 3 | Plaintiff Andrea Wells Individually and on Behalf of Others similarly situated's Notice of<br>filing with exhibit A "Notice of consent" | |
| 05/06/2024 | 4 | Amended: original complaint filed by Andrea Wells Individually and on Behalf of Others similarly situated | |
| 05/06/2024 | 5 | Plaintiff Andrea Wells Individually and on Behalf of Others similarly situated's Notice of<br>Filing | |
| 05/07/2024 | | Attorney appearance<br>On this date Matthew D Patton, Esq. added for Plaintiff Martin Mccray Individually and on behalf of others similarly situated | |
| 05/07/2024 | | Attorney appearance<br>On this date Matthew D Patton, Esq. added for Plaintiff Jeannette Holland | |
| 05/09/2024 | 6 | Affidavit of Acceptance of Service by Counsel | |
| 05/13/2024 | 7 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Northeast Behavioral Health Corporation (Defendant) | |
| 05/13/2024 | | Docket Note: Emailed counsel $21.70 for removal owed. | |
| 05/28/2024 | | REMOVED to the U.S. District Court | |
| 05/28/2024 | | Case transferred to another court. | |

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

7

**RECEIVED**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                         SUPERIOR COURT

| | |
|---|---|
| ANDREA WELLS, JEANNETTE HOLLAND, and MARTIN MCCRAY, individually and on behalf of others similarly situated, | |
| Plaintiff, | C.A. No. 2477CV00359 |
| v. | |
| NORTHEAST BEHAVIORAL HEALTH CORPORATION, JENNIFER CULLEN, and HILARY JACOBS | |
| Defendants. | |

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. § 1446(d), Defendants Northeast Behavioral Health Corporation

("Northeast"), Jennifer Cullen ("Cullen"), and Hilary Jacobs ("Jacobs") (collectively,

"Defendants") hereby give notice to the Superior Court of Essex County, Massachusetts, and to

the attorney for Plaintiffs Andrea Wells, Jeannette Holland, and Martin McCray that Defendants

have filed a Notice of Removal, thereby removing the above-captioned action to the United

States District Court for the District of Massachusetts. Copies of the Notice of Removal and

corresponding Notice of Electronic Filing are attached hereto as <u>Exhibit A</u>.

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

Respectfully submitted,

**NORTHEAST BEHAVIORAL HEALTH
CORPORATION, JENNIFER CULLEN, AND
HILARY JACOBS**
By their attorneys,


/s/ Scott A. Roberts
Scott A. Roberts (BBO# 550732)
        *sroberts@hrwlawyers.com*
Julia E. Russo (BBO# 707682)
        *jrusso@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: May 10, 2024

## CERTIFICATE OF SERVICE

I, Scott A. Roberts, hereby certify that on May 10, 2024, a true and accurate copy of the
above document was served by first class mail and email upon:

Matthew Patton
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
*mdp@mass-legal.com*
***Attorney for Plaintiffs***


/s/ Scott A. Roberts
Scott A. Roberts

# **Exhibit A**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREA WELLS, JEANNETTE HOLLAND, and MARTIN MCCRAY, individually and on behalf of others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>NORTHEAST BEHAVIORAL HEALTH CORPORATION, JENNIFER CULLEN, and HILARY JACOBS<br><br>          Defendants. | Civil Action No.<br><br>[On removal from Essex County Superior Court, Civil Action No. 2477CV00359] |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendants Northeast Behavioral Health Corporation ("Northeast"), Jennifer Cullen ("Cullen"), and Hilary Jacobs ("Jacobs") (collectively, "Defendants") hereby give notice of the removal of the civil action entitled *Andrea Wells, individually and on behalf of others similarly situated, et al. v. Northeast Behavioral Health Corporation, et al.*, Civil Action No. 2477CV00359, from the Superior Court of Essex County, Massachusetts (the "State Court Action"), to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, and pursuant to 28 U.S.C. §1446(a), Defendants attach as Exhibit 1 hereto a copy of all process and pleadings served on Defendants in the State Court Action, and state as follows:

## I.    TIMELINESS OF REMOVAL

1.    Plaintiff Andrea Wells filed her Complaint (the "Complaint") on or about April

11, 2024. Plaintiffs Andrew Wells, Jeannette Holland, and Martin McCray (collectively,

"Plaintiffs") filed their Amended Complaint (the "Amended Complaint") on or about May 5,

2024. Defendants accepted service of the Amended Complaint on May 9, 2024. This Notice of

Removal is, therefore, being timely filed within thirty days of notice of the State Court Action as

required under 28 U.S.C. § 1446(b).

## II.    JURISDICTION AND GROUNDS FOR REMOVAL

2.       In Paragraphs 55–67 of the Amended Complaint, Plaintiffs allege that Defendants

violated federal law, specifically the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

3.       Defendants are entitled to remove the State Court Action to this Court, pursuant to

28 U.S.C. § 1446, because this Court has original jurisdiction over this matter under the

provisions of 28 U.S.C. §1331 (establishing federal question jurisdiction).

## III.    REMOVAL TO THIS COURT IS PROPER

4.       Because this case was initially filed in the Superior Court of Essex County, the

Eastern Division of the United States for the District of Massachusetts is the proper Court to which

removal should be effected, as required for removal under 28 U.S.C. §§ 1441(a) and 1446(a).

## IV.    NOTICE

5.       Copies of this Notice of Removal are being served upon Plaintiffs and filed with

the Clerk of Court of the Essex County Superior Court, Commonwealth of Massachusetts, in

satisfaction of 28 U.S.C. § 1446(d).

## V.    NON-WAIVER OF DEFENSES

6.       Defendants reserve the right to raise all defenses and objections to the Amended

Complaint and allegations set forth therein after the State Court Action is removed to this Court.

WHEREFORE, Defendants Northeast Behavioral Health Corporation, Jennifer Cullen,

and Hilary Jacobs respectfully request that this action, now pending in the Essex County

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

Superior Court, Commonwealth of Massachusetts, be removed to the United States District

Court for the District of Massachusetts, Eastern Division.

Respectfully submitted,

**NORTHEAST BEHAVIORAL HEALTH
CORPORATION, JENNIFER CULLEN, AND
HILARY JACOBS**
By their attorneys,


/s/ Scott A. Roberts
Scott A. Roberts (BBO# 550732)
        *sroberts@hrwlawyers.com*
Julia E. Russo (BBO# 707682)
        *jrusso@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: May 10, 2024

**CERTIFICATE OF SERVICE**

I, Scott A. Roberts, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 10, 2024.

/ s/ Scott A. Roberts
Scott A. Roberts

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

Case 1:24-cv-11256    Document 1-1    Filed 05/10/24    Page 1 of 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Andrea Wells, Jeannette Holland, and Martin McCray

**DEFENDANTS**

Northeast Behavioral Health Corporation, Jennifer Cullen, and Hilary Jacobs

**(b)** County of Residence of First Listed Plaintiff    **Essex**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **Suffolk**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew Patton, Raven Moeslinger, and Nicholas F. Ortiz, Law Office of Nicholas F. Ortiz, P.C., One Boston Place, Suite 2600, Boston, MA 02108, (617) 338-9400

Attorneys *(If Known)*
Scott A. Roberts and Julia Russo, Hirsch Roberts Weinstein LLP, 24 Federal Street, 12th Floor, Boston, MA 02110, (617)348-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.
Brief description of cause:
Plaintiffs allege Defendants violated the Fair Labor Standards Act by failing to pay overtime wages, among other claims.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $
75,000    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
5/10/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Scott A. Roberts

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

Case 1:24-cv-11256   Document 1-2   Filed 05/10/24   Page 1 of 1

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

1.  **Title of case** (name of first party on each side only) Andrea Wells v. Northeast Behavioral Health Corporation

2.  **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.** (See local rule 40.1(a)(1)).

    [ ]    I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]    II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    [✓]   III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
                 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
                 *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  **Title and number, if any, of related cases.** (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
    
    YES [ ]    NO [✓]

5.  **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?** (See 28 USC §2403)
    
    YES [ ]    NO [✓]
    
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    
    YES [ ]    NO [ ]

6.  **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
    
    YES [ ]    NO [✓]

7.  **Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division?** - (See Local Rule 40.1(d)).
    
    YES [✓]    NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?
    
          Eastern Division [✓]    Central Division [ ]    Western Division [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    
          Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.  **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?** (If yes, submit a separate sheet identifying the motions)
    
    YES [ ]    NO [✓]

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME** Scott A. Roberts and Julia E. Russo

**ADDRESS** Hirsch Roberts Weinstein LLP, 24 Federal Street, 12th Floor, Boston, MA 02110

**TELEPHONE NO.** (617) 348-4340

(CategoryForm11-2020.wpd )

# Exhibit 1

**RECEIVED**

4

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

ANDREA WELLS,
JEANNETTE HOLLAND, and
MARTIN MCCRAY
individually and on behalf of others
similarly situated,

          Plaintiffs,

v.

NORTHEAST BEHAVIORAL HEALTH
CORPORATION,
JENNIFER CULLEN, and
HILARY JACOBS,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C. A. No. 2477CV00359

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I.    INTRODUCTION

1.    Employees who work for more than six hours in a calendar day are required to be given a thirty-minute meal break pursuant to M.G.L. c. 149 § 100.

2.    Northeast Behavioral Health Corporation (hereinafter, "Northeast Behavioral") is an outpatient clinic that knowingly withheld wages for thirty-minute meal breaks but denied employees the ability to take those meal breaks.

3.    Northeast Behavioral directly benefits from this practice as their employees are forced to work for at least thirty minutes without pay.

1

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

4.      This lawsuit seeks relief under state and federal wage laws on behalf of the numerous current and former employees of Northeast Behavioral that have been denied meal breaks and wages for the time they were forced to work.

5.      Additionally, Northeast Behavioral took adverse action against Ms. Wells after she inquired about access to meal breaks, including putting her on administrative leave.

## II.   **PARTIES**

6.      Plaintiff Andrea Wells resides in Lynn, Massachusetts.

7.      Plaintiff Jeannette Holland resides in Medford, Massachusetts.

8.      Plaintiff Martin McCray resides in Lynn, Massachusetts.

9.      Northeast Behavioral Health Corporation is a nonprofit corporation organized under the laws of Massachusetts with its principal place of business located at 199 Rosewood Drive, Suite 250, Danvers, Massachusetts 01915.

10.     At relevant times, Defendant Jennifer Cullen served as a president of Northeast Behavioral.

11.     On information and belief, Defendant Jennifer Cullen has all relevant times participated substantially in setting the financial and employment policies of Northeast Behavioral.

12.     On information and belief, Defendant Jennifer Cullen address is currently unknown to Plaintiff.

13.     On information and belief, at relevant times, Defendant Jennifer Cullen, had the right to hire and fire all Northeast Behavioral employees, set and control employee work schedules and the terms and conditions of their employment, and set the rate and method of their compensation.

2

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

14. At relevant times, Defendant Hilary Jacobs served as a president of Northeast Behavioral.

15. On information and belief, Defendant Hilary Jacobs has at relevant times participated substantially in setting the financial and employment policies of Northeast Behavioral.

16. On information and belief, Defendant Hilary Jacobs address is currently unknown to Plaintiff.

17. On information and belief, at relevant times, Defendant Hilary Jacobs had the right to hire and fire all Northeast Behavioral employees, set and control employee work schedules and the terms and conditions of their employment, and set the rate and method of their compensation

### III. JURISDICTION AND VENUE

18. This Court has jurisdiction to address this matter pursuant to, *inter alia*, M.G.L. c. 149, § 150, and its inherent common law authority

19. The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

20. Venue is proper pursuant to M.G.L. c. 223, § 1 because Plaintiff resides in Essex County.

### IV. FACTS

21. Northeast Behavioral operates a network of outpatient clinics throughout Massachusetts, including the Ryan House in Lynn and a location in Danvers where some of the Plaintiffs worked.

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359
Superior Court - Essex
Docket Number 2477CV00359

22.    In or around 2020, Northeast Behavioral hired Plaintiff Jeannette Holland to work as a recovery specialist.

23.    In or around 2021, Northeast Behavioral hired Plaintiff Andrea Wells as a medication specialist and Plaintiff Martin McCray to work in the kitchen of Ryan House.

24.    At all times, Northeast Behavioral has agreed to pay each Plaintiff an hourly rate of pay for each hour they work for the company.

25.    Presently, Northeast Behavioral has agreed to compensate Ms. Wells at a rate of $23.10 per hour, Plaintiff Holland between $18-24 per hour depending on the shift which she works, and Plaintiff McCray approximately $24 per hour.

26.    Ms. Wells works approximately eight and one-half hours a week, five days a week totaling approximately 42.5 hours a week.

27.    Mr. Martin's schedule varied throughout his employment, working between five to seven days a week and working approximately nine hours each day.

28.    Ms. Holland's schedule varied throughout her employment but she would often work in excess of sixty hours a week.

29.    On information and belief, Northeast Behavioral deducts 30 minutes from the amount of time the Plaintiffs and similarly-situated individuals work each day for a meal break.

30.    On information and belief, Northeast Behavioral has routinely denied the Plaintiffs and similarly-situated individuals the ability to actually take 30-minute meal breaks.

31.    This practice of denying a meal break for the Plaintiffs while also not paying wages for the hours worked has occurred almost every day since they began working in 2020 and 2021 respectively.

4

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359    Case 1:24-cv-11256    Document 1-3    Filed 05/10/24    Page 6 of 19
Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

32. Only after Ms. Wells complained about this issue regarding meal breaks did Northeast Behavioral recently permit her to take them.

33. Following her complaints about the foregoing wage violations and, in response thereto, Northeast Behavioral placed Ms. Wells on administrative leave without pay.

34. Northeast Behavioral placed Ms. Wells on administrative leave because of, and in retaliation for, complaining about Northeast Behavioral's wage violations.

35. Additionally, following the filing of the Complaint in this matter, Northeast Behavioral took further retaliatory action and terminated Ms. Wells employment.

36. Northeast Behavioral terminated Ms. Wells employment because of, and in retaliation for, asserting her rights under the Wage Act.

37. As a result of Northeast Behavioral's retaliatory actions, Ms. Wells suffered damages, including lost wages and emotional distress.

38. As of the filing of this Complaint, Northeast Behavioral owes the Plaintiffs and similarly-situated individuals a substantial amount of wages, including overtime, as the hours not paid for meal breaks were actually worked.

## V.    CLASS ALLEGATIONS

39. The Plaintiffs bring this claim on behalf of a class of similarly situated Northeast Behavioral employees.

40. The class consists of all hourly employees of Northeast Behavioral between April 11, 2021 and the date of judgment.

41. The Plaintiffs and the class meet the requirements of MASS. R. CIV. P. 23 to pursue this action as a class action.

42. The class is sufficiently numerous that joinder of all members is impracticable.

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

43.     On information and belief, the class encompasses at least 40 members.

44.     There are questions of law and fact which are common to all members of the class. These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on discrete and uniform policies and practices of Northeast Behavioral that affected a group of employees in a similar manner.

45.     The Plaintiffs' claims are typical of the claims of members of the class. All claims are based on the same factual and legal theories.

46.     The Plaintiffs will fairly and adequately represent the interests of class members. The Plaintiffs have no conflict with any members of the class and are capable and willing to serve as class representatives. They have retained counsel competent and experienced in class action litigation.

47.     Certification of this class pursuant to MASS. R. CIV. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to the Plaintiff and class are:

    a.  Whether Northeast Behavioral's policy of denying meal breaks without compensating employees violates the Massachusetts Wage Act; and

    b.  Whether Northeast Behavioral's failure to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 violates the Massachusetts Wage Act.

48.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a.  The individual class members are likely not aware that they have been wronged and are thus unable to prosecute individual actions;

    b.  The class claims arise from company-wide policies uniformly applied to all class members;

    c.  Concentration of the litigation concerning this matter in this Court is desirable;

  d. A failure of justice will result from the absence of a class action;

  e. The amounts at issue for individual class members are not substantial enough to make individual actions economically viable; and

  f. The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI.   CLASS AND COLLECTIVE CAUSES OF ACTION

49.   For all counts that follow, the Plaintiffs hereby reallege and incorporate by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

## COUNT I
### NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150
(On behalf of the Class)

50. M.G.L. c. 149, § 148 mandates the timely payment of all earned wages.

51. Section 148 provides, in relevant part:

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or within seven days of termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week. . .

52.   Massachusetts law provides that working time includes, "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work." 454 Code Mass. Regs. § 27.04.

53.   By failing to pay the Plaintiffs and class members their earned wages on time and in full, Northeast Behavioral violated the Wage Act.

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359
Superior Court - Essex
Docket Number 2477CV00359

Case 1:24-cv-11256    Document 1-3    Filed 05/10/24    Page 9 of 19

54.    Northeast Behavioral's failure to comply with M.G.L. c. 149, § 148 entitles the

Plaintiffs and class members to recover treble damages, interest, reasonable attorney's fees,

costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

## COUNT II
## NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
## 29 U.S.C. §§ 201 *et seq.*

55.    Northeast Behavioral has at all relevant times been an "enterprise" within the

meaning of Section 3(r) of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*(hereinafter

"FLSA").

56.    Northeast Behavioral has at all relevant times been "an enterprise engaged in

commerce or in production of goods for commerce," within the meaning of Section 3(s) of the

FLSA.

57.    On information and belief, at all relevant times, Northeast Behavioral has had

annual gross revenues exceeding $500,000.00, used products to conduct its business that

originated outside of Massachusetts, and handled credit card transactions.

58.    Under 29 U.S.C. § 207(a), "no employer shall employ any of her employees who

in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, for

a workweek longer than forty hours unless such employee receives compensation for her

employment in excess of the hours above specified at a rate not less than one and one-half times

the regular rate at which she is employed."

59.    Northeast Behavioral is and at all times material hereto has been an employer of

Plaintiff and class members for purposes of the FLSA.

8

60.     Defendant Cullen is and all times material hereto has been an employer of Plaintiff and class members for purposes of the FLSA.

61.     By failing to pay overtime wages at a rate of not less than one-half times the regular rate for each workweek in excess of forty hours, Defendants violated 29 U.S.C 207(a).

62.     Defendants' failure to pay the Plaintiffs and the class members overtime wages was done either willfully or with reckless disregard of the FLSA.

63.     Northeast Behavioral issues pay stubs to the Plaintiffs and class members that it knows underreport their hours worked due to its meal break practice.

64.     Northeast Behavioral consistently fails to pay the Plaintiffs and class members all overtime wages they are due under the FLSA.

65.     Northeast Behavioral consistently manipulated the Plaintiffs' and class members' time records to reflect fewer hours worked because, on information and belief, it resulted in paying them less in overtime wages than they are due under the FLSA.

66.     Under 29 U.S.C. § 216(b), "any employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

67.     As a result, Defendants' violation of the FLSA entitles the Plaintiffs and class members to recover their unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorneys' fees, and the costs of this action.

## <u>COUNT III</u>

## NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF M.G.L. c. 151, §§1A, 1B
### (On behalf of the Class)

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

68.    The Massachusetts Overtime Law, M.G.L. c. 151, § 1A, requires employers to pay employees "at a rate not less than one and one half times [their] regular rate" for hours worked in excess of 40 during a workweek.

69.    By failing to compensate the Plaintiffs and similarly situated individuals for all their overtime hours, the Defendants did not pay the Plaintiffs and similarly situated individuals the full amount of their earned overtime wages, as required by state law.

70.    The Defendants' failure to comply with M.G.L. c. 151, §§ 1A, 1B entitles the the Plaintiffs and similarly-situated individuals to recover three times their unpaid overtime wages, interest, reasonable attorney's fees, costs of litigation, and injunctive relief.

## COUNT IV

### FAILURE TO ISSUE LAWFUL PAYSTUBS IN VIOLATION OF M.G.L. c. 149, § 148, M.G.L. c. 151, § 15, AND 454 CODE MASS. REGS. 27.07(2)
(On behalf of the Class)

71.    M.G.L. c. 149, § 148 provides:

> An employer, when paying an employee his wage, shall furnish to such employee a suitable pay slip, check stub or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period.

72.    M.G.L. c. 151, § 15 provides:

> Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee.

73.    454 Code Mass. Regs. § 27.07(2) provides:

> For each employee, the employer shall keep a true and accurate record of the employee's name, complete address, social security number, occupation, amount paid each pay period, hours worked each day, rate of pay, vacation pay, any deductions made from wages, any fees or amounts charged by the employer to the employee, dates worked each week, and such other information as the Director or the Attorney General in their discretion shall deem material and necessary.

10

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

74.    M.G.L. c. 151, § 19 provides:

An employer or the officer or agent of a corporation who fails to keep the true and
accurate records required under [M.G.L. c. 151] … shall have violated [M.G.L. c.
151, § 19].

75.    M.G.L. c. 149, §150 provides:

An employee claiming to be aggrieved by a violation of section 19 of chapter 151
may … prosecute in his own name … a civil action for injunctive relief, for any
damages incurred, and for any lost wages and other benefits.

76.    By issuing the Plaintiffs and class members pay stubs that do not accurately

reflect their total number of hours worked, Defendants violated M.G.L. c. 149, § 148, M.G.L. c.

151, §19, and 454 Code Mass. Regs. § 27.07(2).

77.    Defendants' failure to comply with M.G.L. c. 151, § 19 and M.G.L. c. 149, § 148

entitles the Plaintiffs and class members to recover treble damages, interest, reasonable

attorney's fees, and costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

## COUNT V

### RETALIATION IN VIOLATION OF M.G.L c. 149 § 148A
### (Against Northeast Behavioral Only)

66.    The Defendant placed Ms. Wells on unpaid administrative leave and terminated

her employment for seeking her rights under M.G.L. 149 in violation of M.G.L. c. 149 §

148A.

67.    The Defendant's failure to comply with M.G.L. c. 149, §§ 148A, 150 entitles the

Ms. Wells to recover treble damages, emotional distress damages, interest, reasonable

attorney's fees, and costs pursuant to M.G.L. c. 149, § 150

## COUNT VI
## UNJUST ENRICHMENT

Case 1:24-cv-11256     Document 1-3     Filed 05/10/24     Page 13 of 19

**(Against Northeast Behavioral Only)**

78.     The Defendant received the benefit of the Plaintiffs' and class members' time,

work, and professional skill without compensating them for the same and as they legitimately

expected.

79.     The Defendant was unjustly and unfairly enriched by the amount of the unpaid

wages, as well as any profits it has made, as a result of the Plaintiff's and class members' work.

80.     The Defendant benefited financially from its failure to pay the Plaintiffs and class

members wages and, as a result, the Plaintiffs and class members suffered damages.

WHEREFORE, the Plaintiffs requests that the Court:

1. Certify this case as a class action pursuant to MASS. R. CIV. P. 23;

2. Issue prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential
   FLSA Collective Members;

3. Certify this case as a collective action pursuant to 29 U.S.C. 201 *et seq.*;

4. Appoint the Plaintiffs as class representatives for the class;

5. Appoint the undersigned as class counsel;

6. Award treble damages, interest, reasonable attorneys' fees, and costs pursuant to
   M.G.L. c. 149, § 150 for unpaid wages in an amount to be determined at trial on
   behalf of the Plaintiffs and class members;

7. Award unpaid overtime wages, interest, liquidated damages (in an amount equal to
   unpaid overtime wages), reasonable attorneys' fees, and the costs of this action
   pursuant to 29 U.S.C. 201 *et seq.*;

8. Award treble damages, general damages, interest, reasonable attorney's fees, and cost
   pursuant to M.G.L. c. 149 § 148A for retaliation for asserting rights under M.G.L. c.
   149;

9. Award equitable damages for unjust enrichment in an amount to be determined at
   trial on behalf of the Plaintiff and class members;

10. Award such other relief that the Court deems just.

### JURY DEMAND

The Plaintiff demands a trial by jury for all claims.

Respectfully submitted,

ANDREA WELLS, JEANNETTE
HOLLAND, and MARTIN MCCRAY
By their attorneys,

*/s/ Matthew Patton*

Matthew Patton (BBO No. 703798)
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

Dated: May 6, 2024

13

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

Case 1:24-cv-11256  Document 1-3  Filed 05/10/24  Page 15 of 19

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | COUNTY |

| Plaintiff        Andrea Wells | Defendant        Northeast Behavioral Health Corporation |
|---|---|
| ADDRESS: | ADDRESS: |
| | |
| | |
| Plaintiff Attorney:   Matthew Patton | Defendant:        Jennifer Cullen |
| ADDRESS:   Law Office of Nicholas F. Ortiz, P.C. | ADDRESS: |
| One Boston Place, Suite 2600 | |
| Boston, MA 02108 | |
| BBO:        703798 | |
| Plaintiff Attorney: | Defendant:        Hilary Jacobs |
| ADDRESS: | ADDRESS: |
| | |
| | |
| BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☒ YES    ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?          Is there a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO                                  ☒ YES   ☐ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages.
(Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
    1. Total hospital expenses
    2. Total doctor expenses
    3. Total chiropractic expenses
    4. Total physical therapy expenses
    5. Total other expenses (describe below)

                                      Subtotal (1-5):        $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

                                       TOTAL (A-F):        $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00858

| | Date: | April 11, 2024 |
|---|---|---|
| Signature of Attorney/Self-Represented Plaintiff: X  Matthew Patton | | |

| RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court. |
|---|
| |

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X · Matthew Patton | Date: | April 11, 2024 |
|---|---|---|

Case 1:24-cv-11256    Document 1-3    Filed 05/10/24    Page 17 of 19

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action Involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M (X) | |
| E27 Minor Seeking Consent, G.L. c.112, § 12S(X) | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

Date Filed 5/10/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359
Case 1:24-cv-11256  Document 1-3  Filed 05/10/24  Page 18 of 19

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2477CV00359 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | |
|---|---|
| CASE NAME:<br>Wells, Andrea vs. Northeast Behavioral Health Corporation et al | Thomas H. Driscoll, Jr., Clerk of Courts<br>Essex County |
| TO: File Copy | COURT NAME & ADDRESS<br>Essex County Superior Court - Newburyport<br>145 High Street<br>Newburyport, MA 01950 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/10/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 08/09/2024 | |
| All motions under MRCP 12, 19, and 20 | 08/09/2024 | 09/09/2024 | 10/08/2024 |
| All motions under MRCP 15 | 08/09/2024 | 09/09/2024 | 10/08/2024 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/05/2025 | | |
| All motions under MRCP 56 | 03/07/2025 | 04/07/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/04/2025 |
| Case shall be resolved and judgment shall issue by | | | 04/13/2026 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>04/11/2024 | ASSISTANT CLERK<br>Anne Mitchell | PHONE<br>(978)462-4474 |
|---|---|---|

SCV026\ 08/2018

Date/Time Printed: 04-11-2024 18:48:14

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                      SUPERIOR COURT
                                                                DEPARTMENT OF
                                                                THE TRIAL COURT

ANDREA WELLS,                          )
JEANNETTE HOLLAND, and                 )
MARTIN MCCRAY                          )
individually and on behalf of others   )
similarly situated,                    )
                                       )
                Plaintiffs,            )
                                       )        C. A. No. 2477CV00359
        v.                             )
                                       )
NORTHEAST BEHAVIORAL HEALTH            )
CORPORATION,                           )
JENNIFER CULLEN, and                   )
HILARY JACOBS,                         )
                Defendants.            )
                                       )

### AFFIDAVIT OF ACCEPTANCE OF SERVICE

I, Scott A. Roberts, hereby depose and states as follows:

1.    I am an attorney duly licensed in the Commonwealth of Massachusetts.

2.    I represent Defendants Northeast Behavioral Health Corporation, Jennifer Cullen, and Hilary Jacobs ("Defendants").

3.    I am duly authorized by Defendants to accept service of process on their behalf.

4.    On May 9, 2024, I accepted service of the following documents from Plaintiffs' counsel on behalf of the Defendants: Amended Complaint, Civil Tracking Order, and Civil Action Cover Sheet. I waived the requirement of providing a summons for each Defendant.

Signed under the penalties of perjury this 9th day of May 2024.

Scott A. Roberts (BBO550732)

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

1

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

ANDREA WELLS,
individually and on behalf of others
similarly situated,

Plaintiff,

v.

NORTHEAST BEHAVIORAL HEALTH
CORPORATION,
JENNIFER CULLEN, and
HILARY JACOBS,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C. A. No. 2477CV00359 -B

## CLASS AND COLLECTIVE ACTION COMPLAINT

## I.    **INTRODUCTION**

1.    Employees who work for more than six hours in a calendar day are required to be

given a thirty-minute meal break pursuant to M.G.L. c. 149 § 100.

2.    Northeast Behavioral Health Corporation (hereinafter, "Northeast Behavioral") is

an outpatient clinic that knowingly withheld wages for thirty-minute meal breaks but denied

employees the ability to take those meal breaks.

3.    Northeast Behavioral directly benefits from this practice as their employees are

forced to work for at least thirty minutes without pay.

4.    This lawsuit seeks relief under state and federal wage laws on behalf of the

numerous current and former employees of Northeast Behavioral that have been denied meal

breaks and wages for the time they were forced to work.

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

5.      Additionally, Northeast Behavioral took adverse action against Ms. Wells after she inquired about access to meal breaks, including putting her on administrative leave.

## II.    PARTIES

6.      Plaintiff Andrea Wells resides in Lynn, Massachusetts.

7.      Northeast Behavioral Health Corporation is a nonprofit corporation organized under the laws of Massachusetts with its principal place of business located at 199 Rosewood Drive, Suite 250, Danvers, Massachusetts 01915.

8.      At relevant times, Defendant Jennifer Cullen served as a president of Northeast Behavioral.

9.      On information and belief, Defendant Jennifer Cullen has all relevant times participated substantially in setting the financial and employment policies of Northeast Behavioral.

10.     On information and belief, Defendant Jennifer Cullen address is currently unknown to Plaintiff.

11.     On information and belief, at relevant times, Defendant Jennifer Cullen, had the right to hire and fire all Northeast Behavioral employees, set and control employee work schedules and the terms and conditions of their employment, and set the rate and method of their compensation.

12.     At relevant times, Defendant Hilary Jacobs served as a president of Northeast Behavioral.

13.     On information and belief, Defendant Hilary Jacobs has at relevant times participated substantially in setting the financial and employment policies of Northeast Behavioral.

2

14.    On information and belief, Defendant Hilary Jacobs address is currently unknown to Plaintiff.

15.    On information and belief, at relevant times, Defendant Hilary Jacobs had the right to hire and fire all Northeast Behavioral employees, set and control employee work schedules and the terms and conditions of their employment, and set the rate and method of their compensation

### III.    JURISDICTION AND VENUE

16.    This Court has jurisdiction to address this matter pursuant to, *inter alia*, M.G.L. c. 149, § 150, and its inherent common law authority

17.    The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

18.    Venue is proper pursuant to M.G.L. c. 223, § 1 because Plaintiff resides in Essex County.

### IV.    FACTS

19.    Northeast Behavioral operates a network of outpatient clinics throughout Massachusetts.

20.    In or around October of 2021, Northeast Behavioral hired Plaintiff Andrea Wells as a medication specialist.

21.    At all times, Northeast Behavioral has agreed to pay Ms. Wells an hourly rate of pay for each hour she works for the company.

22.    Presently, Northeast Behavioral has agreed to compensate Ms. Wells at a rate of $23.10 per hour.

3

23.    Ms. Wells works approximately eight and one-half hours a week five days a week totaling approximately 42.5 hours a week.

24.    On information and belief, Northeast Behavioral deducts 30 minutes from the amount of time Ms. Wells and similarly-situated individuals work each day for a meal break.

25.    On information and belief, Northeast Behavioral has routinely denied Ms. Wells and similarly-situated individuals the ability to actually take 30-minute meal breaks.

26.    This practice of denying a meal break for Ms. Wells while also not paying wages for the hours worked has occurred almost every day since she began working in 2021.

27.    Only after Ms. Wells complained about this issue regarding meal breaks did Northeast Behavioral recently permit her to take them.

28.    Following her complaints about the foregoing wage violations and, in response thereto, Northeast Behavioral placed Ms. Wells on administrative leave without pay.

29.    Northeast Behavioral placed Ms. Wells on administrative leave because of, and in retaliation for, complaining about Northeast Behavioral's wage violations.

30.    As a result of Northeast Behavioral's retaliatiory actions, Ms. Wells suffered damages, including lost wages and emotional distress.

31.    As of the filing of this Complaint, Northeast Behavioral owes Ms. Wells and similarly-situated individuals a substantial amount of wages, including overtime, as the hours not paid for meal breaks were actually worked.

## V.    CLASS ALLEGATIONS

32.    Ms. Wells brings this claim on behalf of a class of similarly situated Northeast Behavioral employees.

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

33.    The class consists of all hourly employees of Northeast Behavioral between April 11, 2021 and the date of judgment.

34.    The Plaintiff and the class meet the requirements of MASS. R. CIV. P. 23 to pursue this action as a class action.

35.    The class is sufficiently numerous that joinder of all members is impracticable.

36.    On information and belief, the class encompasses at least 40 members.

37.    There are questions of law and fact which are common to all members of the class. These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on discrete and uniform policies and practices of Northeast Behavioral that affected a group of employees in a similar manner.

38.    Ms. Wells's claims are typical of the claims of members of the class. All claims are based on the same factual and legal theories.

39.    Ms. Wells will fairly and adequately represent the interests of class members. Ms. Wells has no conflict with any members of the class and is capable and willing to serve as a class representative. She has retained counsel competent and experienced in class action litigation.

40.    Certification of this class pursuant to MASS. R. CIV. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to the Plaintiff and class are:

   a.    Whether Northeast Behavioral's policy of denying meal breaks without compensating employees violates the Massachusetts Wage Act; and

   b.    Whether Northeast Behavioral's failure to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 violates the Massachusetts Wage Act.

41.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:.

5

   a.  The individual class members are likely not aware that they have been wronged and are thus unable to prosecute individual actions;

   b.  The class claims arise from company-wide policies uniformly applied to all class members;

   c.  Concentration of the litigation concerning this matter in this Court is desirable;

   d.  A failure of justice will result from the absence of a class action;

   e.  The amounts at issue for individual class members are not substantial enough to make individual actions economically viable; and

   f.  The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

### VI.   CLASS AND COLLECTIVE CAUSES OF ACTION

42.   For all counts that follow, the Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

### COUNT I
### NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150
(On behalf of the Class)

43. M.G.L. c. 149, § 148 mandates the timely payment of all earned wages.

44. Section 148 provides, in relevant part:

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or within seven days of termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week. . .

45.   Massachusetts law provides that working time includes, "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work." 454 Code Mass. Regs. § 27.04.

46.    By failing to pay the Plaintiff and class members their earned wages on time and in full, Northeast Behavioral violated the Wage Act.

47.    Northeast Behavioral's failure to comply with M.G.L. c. 149, § 148 entitles Plaintiff and class members to recover treble damages, interest, reasonable attorney's fees, costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

## COUNT II
## NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
## 29 U.S.C. §§ 201 *et seq.*

48.    Northeast Behavioral has at all relevant times been an "enterprise" within the meaning of Section 3(r) of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (hereinafter "FLSA").

49.    Northeast Behavioral has at all relevant times been "an enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

50.    On information and belief, at all relevant times, Northeast Behavioral has had annual gross revenues exceeding $500,000.00, used products to conduct its business that originated outside of Massachusetts, and handled credit card transactions.

51.    Under 29 U.S.C. § 207(a), "no employer shall employ any of her employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed."

7

52.    Northeast Behavioral is and at all times material hereto has been an employer of Plaintiff and class members for purposes of the FLSA.

53.    Defendant Cullen is and all times material hereto has been an employer of Plaintiff and class members for purposes of the FLSA.

54.    By failing to pay overtime wages at a rate of not less than one-half times the regular rate for each workweek in excess of forty hours, Defendants violated 29 U.S.C 207(a)..

55.    Defendants' failure to pay Plaintiff and the class members overtime wages was done either willfully or with reckless disregard of the FLSA.

56.    Northeast Behavioral issues pay stubs to Plaintiff and class members that it knows underreport their hours worked due to its meal break practice.

57.    Northeast Behavioral consistently fails to pay Plaintiff and class members all overtime wages they are due under the FLSA.

58.    Northeast Behavioral consistently manipulated Plaintiff's and class members' time records to reflect fewer hours worked because, on information and belief, it resulted in paying them less in overtime wages than they are due under the FLSA.

59.    Under 29 U.S.C. § 216(b), "any employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

60.    As a result, Defendants' violation of the FLSA entitles Plaintiff and class members to recover their unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorneys' fees, and the costs of this action.

**COUNT III**

8

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

**NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF M.G.L. c. 151, §§1A, 1B**
(On behalf of the Class)

61.    The Massachusetts Overtime Law, M.G.L. c. 151, § 1A, requires employers to pay employees "at a rate not less than one and one half times [their] regular rate" for hours worked in excess of 40 during a workweek.

62.    By failing to compensate the Plaintiff and similarly situated individuals for all their overtime hours, the Defendants did not pay Plaintiff and similarly situated individuals the full amount of their earned overtime wages, as required by state law.

63.    The Defendants' failure to comply with M.G.L. c. 151, §§ 1A, 1B entitles the Plaintiff and similarly-situated individuals to recover three times their unpaid overtime wages, interest, reasonable attorney's fees, costs of litigation, and injunctive relief.

## COUNT IV

**FAILURE TO ISSUE LAWFUL PAYSTUBS IN VIOLATION OF M.G.L. c. 149, § 148, M.G.L. c. 151, § 15, AND 454 CODE MASS. REGS. 27.07(2)**
(On behalf of the Class)

64.    M.G.L. c. 149, § 148 provides:

An employer, when paying an employee his wage, shall furnish to such employee a suitable pay slip, check stub or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period.

65.    M.G.L. c. 151, § 15 provides:

Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee.

66.    454 Code Mass. Regs. § 27.07(2) provides:

For each employee, the employer shall keep a true and accurate record of the employee's name, complete address, social security number, occupation, amount paid each pay period, hours worked each day, rate of pay, vacation pay, any deductions made from wages, any fees or amounts charged by the employer to the

employee, dates worked each week, and such other information as the Director or the Attorney General in their discretion shall deem material and necessary.

67.    M.G.L. c. 151, § 19 provides:

An employer or the officer or agent of a corporation who fails to keep the true and accurate records required under [M.G.L. c. 151] ... shall have violated [M.G.L. c. 151, § 19].

68.    M.G.L. c. 149, §150 provides:

An employee claiming to be aggrieved by a violation of section 19 of chapter 151 may ... prosecute in his own name ... a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits.

69.    By issuing Plaintiff and class members pay stubs that do not accurately reflect their total number of hours worked, Defendants violated M.G.L. c. 149, § 148, M.G.L. c. 151, §19, and 454 Code Mass. Regs. § 27.07(2).

70.    Defendants' failure to comply with M.G.L. c. 151, § 19 and M.G.L. c. 149, § 148 entitles the Plaintiff and class members to recover treble damages, interest, reasonable attorney's fees, and costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

## COUNT V

### RETALIATION IN VIOLATION OF M.G.L c. 149 § 148A

### (Against Northeast Medical Only)

66.    The Defendant placed the Plaintiff on unpaid administrative leave for seeking her rights under M.G.L. 149 in violation of M.G.L. c. 149 § 148A.

67.    The Defendant's failure to comply with M.G.L. c. 149, §§ 148A, 150 entitles the Plaintiff to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150

10

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

## COUNT VI
### UNJUST ENRICHMENT
### (Against Northeast Behavioral Only)

71.     The Defendant received the benefit of Plaintiff's and class members' time, work,

and professional skill without compensating them for the same and as they legitimately expected.

72.     The Defendant was unjustly and unfairly enriched by the amount of the unpaid

wages, as well as any profits it has made, as a result of the Plaintiff's and class members' work.

73.     The Defendant benefited financially from its failure to pay the Plaintiff and class

members wages and, as a result, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff requests that the Court:

1.  Certify this case as a class action pursuant to MASS. R. CIV. P. 23;

2.  Issue prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

3.  Certify this case as a collective action pursuant to 29 U.S.C. 201 *et seq.*;

4.  Appoint Ms. Wells as class representative for the class;

5.  Appoint the undersigned as class counsel;

6.  Award treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150 for unpaid wages in an amount to determined at trial on behalf of the Plaintiff and class members;

7.  Award unpaid overtime wages, interest, liquidated damages (in an amount equal to unpaid overtime wages), reasonable attorneys' fees, and the costs of this action pursuant to 29 U.S.C. 201 *et seq.*;

8.  Award treble damages, general damages, interest, reasonable attorney's fees, and cost pursuant to M.G.L. c. 149 § 148A for retaliation for asserting rights under M.G.L. c. 149

9.  Award equitable damages for unjust enrichment in an amount to be determined at trial on behalf of the Plaintiff and class members;

10. Award such other relief that the Court deems just.

11

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

**JURY DEMAND**

The Plaintiff demands a trial by jury for all claims.

Respectfully submitted,

ANDREA WELLS,
By her attorneys,

*/s/ Matthew Patton*

Matthew Patton (BBO No. 703798)
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

Dated: April 11, 2024

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

12

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2477CV00359 -B | Massachusetts Trial Court<br>Superior Court | 2 |
|---|---|---|---|
| | | COUNTY | |

| Plaintiff | Andrea Wells | Defendant: | Northeast Behavioral Health Corporation |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | |

| Plaintiff Attorney: | Matthew Patton | Defendant: | Jennifer Cullen |
|---|---|---|---|
| ADDRESS: | Law Office of Nicholas F. Ortiz, P.C. | ADDRESS: | |
| One Boston Place, Suite 2600 | | | |
| Boston, MA 02108 | | | |
| BBO: | 703798 | | |

| Plaintiff Attorney: | | Defendant: | Hilary Jacobs |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | |
| | | | |
| | | | |
| BBO: | | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO.<br>A04 | TYPE OF ACTION (specify)<br>Employment Contract | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☒ YES  ☐ NO |
|---|---|---|---|

*If "Other" please describe:

Is there a claim under G.L. c. 93A?          Is there a class action under Mass. R. Civ. P. 23?
☐ YES  ☒ NO                              ☒ YES  ☐ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses                                _____

    2. Total doctor expenses                                     _____

    3. Total chiropractic expenses                             _____

    4. Total physical therapy expenses                       _____

    5. Total other expenses (describe below)              _____

    _____

                                      Subtotal (1-5):     $0.00

B. Documented lost wages and compensation to date            _____

C. Documented property damages to date                   _____

D. Reasonably anticipated future medical and hospital expenses   _____

E. Reasonably anticipated lost wages                      _____

F. Other documented items of damages (describe below)       _____

_____

                                      TOTAL (A-F):     $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

_____

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

SC0001: 02/24                  www.mass.gov/courts            Date/Time Printed:04-11-2024 15:20:19

Date Filed 4/11/2024 3:22 PM
Superior Court - Essex
Docket Number

| Signature of Attorney/Self-Represented Plaintiff: X  Matthew Patton | Date: | April 11, 2024 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  Matthew Patton | Date: | April 11, 2024 |

**RECEIVED**

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                              SUPERIOR COURT
                                                        DEPARTMENT OF
                                                        THE TRIAL COURT

ANDREA WELLS,                          )
individually and on behalf of others   )
similarly situated,                    )
                                       )
              Plaintiff,               )
                                       )                C. A. No. 2477CV00359
        v.                             )
                                       )
NORTHEAST BEHAVIORAL HEALTH            )
CORPORATION,                           )
JENNIFER CULLEN, and                   )
HILARY JACOBS,                         )
                                       )
              Defendants.              )
                                       )

### NOTICE OF FILING

Please take notice that on April 15, 2024, we filed with the Clerk of the Essex Superior

Court, the attached Notice of Consent for Andrea Wells.

A true and accurate copy of the Notice of Consent is filed herewith and designated as

Exhibit A for identification purposes.

                              Respectfully submitted,
                              ANDREA WELLS,
                              By her attorneys,

                              /s/ Matthew Patton

                              _____
                              Matthew Patton (BBO No. 703798)
                              Raven Moeslinger (BBO No. 687956)
                              Nicholas F. Ortiz (BBO No. 655135)
                              Law Office of Nicholas F. Ortiz, P.C.
                              One Boston Place, Suite 2600
                              Boston, MA 02108
                              (617) 338-9400
                              mdp@mass-legal.com

Dated: April 15, 2024

                                                A TRUE COPY ATTEST

                        1
                                                DEPUTY ASS'T. CLERK

Date Filed 4/15/2024 2:31 PM
Superior Court - Essex
Docket Number 2477CV00359

# EXHIBIT A

## WELLS v. NORTHEAST BEHAVIORAL HEALTH CORPORATIION et al.

## FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in the overtime lawsuit in which this

consent is filed against officers or directors of Northeast Behavioral Health Corporation and

Jennifer Cullen and any other individuals who may be personably liable for violations of the Fair

Labor Standards Act, 29U.S.C. §§ 201 et seq., and any other applicable laws..

X _____    X _____
　　Signature　　　　　　　　　　　　　　Date　　4/15/2024

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

RECEIVED

4

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT
                                             DEPARTMENT OF
                                             THE TRIAL COURT

ANDREA WELLS,                        )
JEANNETTE HOLLAND, and              )
MARTIN MCCRAY                        )
individually and on behalf of others )
similarly situated,                  )
                                     )
                  Plaintiffs,        )
                                     )        C. A. No. 2477CV00359
       v.                            )
                                     )
NORTHEAST BEHAVIORAL HEALTH          )
CORPORATION,                         )
JENNIFER CULLEN, and                 )
HILARY JACOBS,                       )
                                     )
                  Defendants.        )
                                     )

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I.    INTRODUCTION

1.    Employees who work for more than six hours in a calendar day are required to be given a thirty-minute meal break pursuant to M.G.L. c. 149 § 100.

2.    Northeast Behavioral Health Corporation (hereinafter, "Northeast Behavioral") is an outpatient clinic that knowingly withheld wages for thirty-minute meal breaks but denied employees the ability to take those meal breaks.

3.    Northeast Behavioral directly benefits from this practice as their employees are forced to work for at least thirty minutes without pay.

1

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

4.      This lawsuit seeks relief under state and federal wage laws on behalf of the
numerous current and former employees of Northeast Behavioral that have been denied meal
breaks and wages for the time they were forced to work.

5.      Additionally, Northeast Behavioral took adverse action against Ms. Wells after
she inquired about access to meal breaks, including putting her on administrative leave.

## II.    PARTIES

6.      Plaintiff Andrea Wells resides in Lynn, Massachusetts.

7.      Plaintiff Jeannette Holland resides in Medford, Massachusetts.

8.      Plaintiff Martin McCray resides in Lynn, Massachusetts.

9.      Northeast Behavioral Health Corporation is a nonprofit corporation organized
under the laws of Massachusetts with its principal place of business located at 199 Rosewood
Drive, Suite 250, Danvers, Massachusetts 01915.

10.     At relevant times, Defendant Jennifer Cullen served as a president of Northeast
Behavioral.

11.     On information and belief, Defendant Jennifer Cullen has all relevant times
participated substantially in setting the financial and employment policies of Northeast
Behavioral.

12.     On information and belief, Defendant Jennifer Cullen address is currently
unknown to Plaintiff.

13.     On information and belief, at relevant times, Defendant Jennifer Cullen, had the
right to hire and fire all Northeast Behavioral employees, set and control employee work
schedules and the terms and conditions of their employment, and set the rate and method of their
compensation.

2

14.     At relevant times, Defendant Hilary Jacobs served as a president of Northeast Behavioral.

15.     On information and belief, Defendant Hilary Jacobs has at relevant times participated substantially in setting the financial and employment policies of Northeast Behavioral.

16.     On information and belief, Defendant Hilary Jacobs address is currently unknown to Plaintiff.

17.     On information and belief, at relevant times, Defendant Hilary Jacobs had the right to hire and fire all Northeast Behavioral employees, set and control employee work schedules and the terms and conditions of their employment, and set the rate and method of their compensation

### III.    JURISDICTION AND VENUE

18.     This Court has jurisdiction to address this matter pursuant to, *inter alia*, M.G.L. c. 149, § 150, and its inherent common law authority

19.     The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

20.     Venue is proper pursuant to M.G.L. c. 223, § 1 because Plaintiff resides in Essex County.

### IV.    FACTS

21.     Northeast Behavioral operates a network of outpatient clinics throughout Massachusetts, including the Ryan House in Lynn and a location in Danvers where some of the Plaintiffs worked.

3

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

22.    In or around 2020, Northeast Behavioral hired Plaintiff Jeannette Holland to work as a recovery specialist.

23.    In or around 2021, Northeast Behavioral hired Plaintiff Andrea Wells as a medication specialist and Plaintiff Martin McCray to work in the kitchen of Ryan House.

24.    At all times, Northeast Behavioral has agreed to pay each Plaintiff an hourly rate of pay for each hour they work for the company.

25.    Presently, Northeast Behavioral has agreed to compensate Ms. Wells at a rate of $23.10 per hour, Plaintiff Holland between $18-24 per hour depending on the shift which she works, and Plaintiff McCray approximately $24 per hour.

26.    Ms. Wells works approximately eight and one-half hours a week, five days a week totaling approximately 42.5 hours a week.

27.    Mr. Martin's schedule varied throughout his employment, working between five to seven days a week and working approximately nine hours each day.

28.    Ms. Holland's schedule varied throughout her employment but she would often work in excess of sixty hours a week.

29.    On information and belief, Northeast Behavioral deducts 30 minutes from the amount of time the Plaintiffs and similarly-situated individuals work each day for a meal break.

30.    On information and belief, Northeast Behavioral has routinely denied the Plaintiffs and similarly-situated individuals the ability to actually take 30-minute meal breaks.

·31.    This practice of denying a meal break for the Plaintiffs while also not paying wages for the hours worked has occurred almost every day since they began working in 2020 and 2021 respectively.

4

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

32.    Only after Ms. Wells complained about this issue regarding meal breaks did Northeast Behavioral recently permit her to take them.

33.    Following her complaints about the foregoing wage violations and, in response thereto, Northeast Behavioral placed Ms. Wells on administrative leave without pay.

34.    Northeast Behavioral placed Ms. Wells on administrative leave because of, and in retaliation for, complaining about Northeast Behavioral's wage violations.

35.    Additionally, following the filing of the Complaint in this matter, Northeast Behavioral took further retaliatory action and terminated Ms. Wells employment.

36.    Northeast Behavioral terminated Ms. Wells employment because of, and in retaliation for, asserting her rights under the Wage Act.

37.    As a result of Northeast Behavioral's retaliatory actions, Ms. Wells suffered damages, including lost wages and emotional distress.

38.    As of the filing of this Complaint, Northeast Behavioral owes the Plaintiffs and similarly-situated individuals a substantial amount of wages, including overtime, as the hours not paid for meal breaks were actually worked.

## V.    CLASS ALLEGATIONS

39.    The Plaintiffs bring this claim on behalf of a class of similarly situated Northeast Behavioral employees.

40.    The class consists of all hourly employees of Northeast Behavioral between April 11, 2021 and the date of judgment.

41.    The Plaintiffs and the class meet the requirements of MASS. R. CIV. P. 23 to pursue this action as a class action.

42.    The class is sufficiently numerous that joinder of all members is impracticable.

5

Date Filed 5/8/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

43.     On information and belief, the class encompasses at least 40 members.

44.     There are questions of law and fact which are common to all members of the class. These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on discrete and uniform policies and practices of Northeast Behavioral that affected a group of employees in a similar manner.

45.     The Plaintiffs' claims are typical of the claims of members of the class. All claims are based on the same factual and legal theories.

46.     The Plaintiffs will fairly and adequately represent the interests of class members. The Plaintiffs have no conflict with any members of the class and are capable and willing to serve as class representatives. They have retained counsel competent and experienced in class action litigation.

47.     Certification of this class pursuant to MASS. R. CIV. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to the Plaintiff and class are:

      a.  Whether Northeast Behavioral's policy of denying meal breaks without compensating employees violates the Massachusetts Wage Act; and

      b.  Whether Northeast Behavioral's failure to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 violates the Massachusetts Wage Act.

48.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

      a.  The individual class members are likely not aware that they have been wronged and are thus unable to prosecute individual actions;

      b.  The class claims arise from company-wide policies uniformly applied to all class members;

      c.  Concentration of the litigation concerning this matter in this Court is desirable;

6

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

    d.  A failure of justice will result from the absence of a class action;

    e.  The amounts at issue for individual class members are not substantial enough to make individual actions economically viable; and

    f.  The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

### VI.   CLASS AND COLLECTIVE CAUSES OF ACTION

49.   For all counts that follow, the Plaintiffs hereby reallege and incorporate by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

### COUNT I
**NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150**
(On behalf of the Class)

50. M.G.L. c. 149, § 148 mandates the timely payment of all earned wages.

51. Section 148 provides, in relevant part:

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or within seven days of termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week. . .

52.   Massachusetts law provides that working time includes, "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work." 454 Code Mass. Regs. § 27.04.

53.   By failing to pay the Plaintiffs and class members their earned wages on time and in full, Northeast Behavioral violated the Wage Act.

7

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

54.      Northeast Behavioral's failure to comply with M.G.L. c. 149, § 148 entitles the

Plaintiffs and class members to recover treble damages, interest, reasonable attorney's fees,

costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

## COUNT II
## NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
## 29 U.S.C. §§ 201 *et seq.*

55.      Northeast Behavioral has at all relevant times been an "enterprise" within the

meaning of Section 3(r) of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*(hereinafter

"FLSA").

56.      Northeast Behavioral has at all relevant times been "an enterprise engaged in

commerce or in production of goods for commerce," within the meaning of Section 3(s) of the

FLSA.

57.      On information and belief, at all relevant times, Northeast Behavioral has had

annual gross revenues exceeding $500,000.00, used products to conduct its business that

originated outside of Massachusetts, and handled credit card transactions.

58.      Under 29 U.S.C. § 207(a), "no employer shall employ any of her employees who

in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, for

a workweek longer than forty hours unless such employee receives compensation for her

employment in excess of the hours above specified at a rate not less than one and one-half times

the regular rate at which she is employed."

59.      Northeast Behavioral is and at all times material hereto has been an employer of

Plaintiff and class members for purposes of the FLSA.

8

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

60.     Defendant Cullen is and all times material hereto has been an employer of Plaintiff and class members for purposes of the FLSA.

61.     By failing to pay overtime wages at a rate of not less than one-half times the regular rate for each workweek in excess of forty hours, Defendants violated 29 U.S.C 207(a).

62.     Defendants' failure to pay the Plaintiffs and the class members overtime wages was done either willfully or with reckless disregard of the FLSA.

63.     Northeast Behavioral issues pay stubs to the Plaintiffs and class members that it knows underreport their hours worked due to its meal break practice.

64.     Northeast Behavioral consistently fails to pay the Plaintiffs and class members all overtime wages they are due under the FLSA.

65.     Northeast Behavioral consistently manipulated the Plaintiffs' and class members' time records to reflect fewer hours worked because, on information and belief, it resulted in paying them less in overtime wages than they are due under the FLSA.

66.     Under 29 U.S.C. § 216(b), "any employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

67.     As a result, Defendants' violation of the FLSA entitles the Plaintiffs and class members to recover their unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorneys' fees, and the costs of this action.

## COUNT III

### NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF M.G.L. c. 151, §§1A, 1B
(On behalf of the Class)

9

Date Filed 5/8/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

68.     The Massachusetts Overtime Law, M.G.L. c. 151, § 1A, requires employers to pay employees "at a rate not less than one and one half times [their] regular rate" for hours worked in excess of 40 during a workweek.

69.     By failing to compensate the Plaintiffs and similarly situated individuals for all their overtime hours, the Defendants did not pay the Plaintiffs and similarly situated individuals the full amount of their earned overtime wages, as required by state law.

70.     The Defendants' failure to comply with M.G.L. c. 151, §§ 1A, 1B entitles the the Plaintiffs and similarly-situated individuals to recover three times their unpaid overtime wages, interest, reasonable attorney's fees, costs of litigation, and injunctive relief.

## COUNT IV

### FAILURE TO ISSUE LAWFUL PAYSTUBS IN VIOLATION OF M.G.L. c. 149, § 148, M.G.L. c. 151, § 15, AND 454 CODE MASS. REGS. 27.07(2)
(On behalf of the Class)

71.     M.G.L. c. 149, § 148 provides:

An employer, when paying an employee his wage, shall furnish to such employee a suitable pay slip, check stub or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period.

72.     M.G.L. c. 151, § 15 provides:

Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee.

73.     454 Code Mass. Regs. § 27.07(2) provides:

For each employee, the employer shall keep a true and accurate record of the employee's name, complete address, social security number, occupation, amount paid each pay period, hours worked each day, rate of pay, vacation pay, any deductions made from wages, any fees or amounts charged by the employer to the employee, dates worked each week, and such other information as the Director or the Attorney General in their discretion shall deem material and necessary.

10

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

74.    M.G.L. c. 151, § 19 provides:

An employer or the officer or agent of a corporation who fails to keep the true and accurate records required under [M.G.L. c. 151] ... shall have violated [M.G.L. c. 151, § 19].

75.    M.G.L. c. 149, §150 provides:

An employee claiming to be aggrieved by a violation of section 19 of chapter 151 may ... prosecute in his own name ... a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits.

76.    By issuing the Plaintiffs and class members pay stubs that do not accurately reflect their total number of hours worked, Defendants violated M.G.L. c. 149, § 148, M.G.L. c. 151, §19, and 454 Code Mass. Regs. § 27.07(2).

77.    Defendants' failure to comply with M.G.L. c. 151, § 19 and M.G.L. c. 149, § 148 entitles the Plaintiffs and class members to recover treble damages, interest, reasonable attorney's fees, and costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

## COUNT V

### RETALIATION IN VIOLATION OF M.G.L c. 149 § 148A
### (Against Northeast Behavioral Only)

66.    The Defendant placed Ms. Wells on unpaid administrative leave and terminated her employment for seeking her rights under M.G.L. 149 in violation of M.G.L. c. 149 § 148A.

67.    The Defendant's failure to comply with M.G.L. c. 149, §§ 148A, 150 entitles the Ms. Wells to recover treble damages, emotional distress damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150

## COUNT VI
## UNJUST ENRICHMENT

11

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

**(Against Northeast Behavioral Only)**

78.    The Defendant received the benefit of the Plaintiffs' and class members' time, work, and professional skill without compensating them for the same and as they legitimately expected.

79.    The Defendant was unjustly and unfairly enriched by the amount of the unpaid wages, as well as any profits it has made, as a result of the Plaintiff's and class members' work.

80.    The Defendant benefited financially from its failure to pay the Plaintiffs and class members wages and, as a result, the Plaintiffs and class members suffered damages.

WHEREFORE, the Plaintiffs requests that the Court:

1.  Certify this case as a class action pursuant to MASS. R. CIV. P. 23;

2.  Issue prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

3.  Certify this case as a collective action pursuant to 29 U.S.C. 201 *et seq.*;

4.  Appoint the Plaintiffs as class representatives for the class;

5.  Appoint the undersigned as class counsel;

6.  Award treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150 for unpaid wages in an amount to be determined at trial on behalf of the Plaintiffs and class members;

7.  Award unpaid overtime wages, interest, liquidated damages (in an amount equal to unpaid overtime wages), reasonable attorneys' fees, and the costs of this action pursuant to 29 U.S.C. 201 *et seq.*;

8.  Award treble damages, general damages, interest, reasonable attorney's fees, and cost pursuant to M.G.L. c. 149 § 148A for retaliation for asserting rights under M.G.L. c. 149;

9.  Award equitable damages for unjust enrichment in an amount to be determined at trial on behalf of the Plaintiff and class members;

10. Award such other relief that the Court deems just.

Date Filed 5/6/2024 11:54 AM
Superior Court - Essex
Docket Number 2477CV00359

**JURY DEMAND**

The Plaintiff demands a trial by jury for all claims.

Respectfully submitted,

ANDREA WELLS, JEANNETTE
HOLLAND, and MARTIN MCCRAY
By their attorneys,

/s/ Matthew Patton

Matthew Patton (BBO No. 703798)
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

Dated: May 6, 2024

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

13

**RECEIVED**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

ANDREA WELLS,                      )
JEANNETTE HOLLAND, and             )
MARTIN MCCRAY                      )
individually and on behalf of others )
similarly situated,                )
                                   )
            Plaintiffs,            )
                                   )        C. A. No. 2477CV00359
    v.                             )
                                   )
NORTHEAST BEHAVIORAL HEALTH        )
CORPORATION,                       )
JENNIFER CULLEN, and               )
HILARY JACOBS,                     )
            Defendants.            )
_____)

## NOTICE OF FILING

Please take notice that on May 6, 2024, we filed with the Clerk of the Essex Superior

Court, the attached Notice of Consent for Jeannette Holland.

A true and accurate copy of the Notice of Consent is filed herewith and designated as

Exhibit A for identification purposes.

Respectfully submitted,
ANDREA WELLS,
By her attorneys,

*/s/ Matthew Patton*

Matthew Patton (BBO No. 703798)
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

Dated: May 6, 2024

A TRUE COPY. ATTEST

DEPUTY ASS'T. CLERK

1

# EXHIBIT A

## WELLS v. NORTHEAST BEHAVIORAL HEALTH CORPORATIION et al.

## FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in the overtime lawsuit in which this

consent is filed against officers or directors of Northeast Behavioral Health Corporation and

Jennifer Cullen and any other individuals who may be personably liable for violations of the Fair

Labor Standards Act, 29U.S.C. §§ 201 et seq., and any other applicable laws..

DocuSigned by:

X _____        X 5/3/2024
8C97C884E687414...
Signature                              Date

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

Date Filed 5/8/2024 4:13 PM
Superior Court - Essex
Docket Number 2477CV00359

6

**RECEIVED**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SUPERIOR COURT
                                                             DEPARTMENT OF
                                                             THE TRIAL COURT

ANDREA WELLS,                          )
JEANNETTE HOLLAND, and                 )
MARTIN MCCRAY                          )
individually and on behalf of others   )
similarly situated,                    )
                                       )
                Plaintiffs,            )
                                       )        C. A. No. 2477CV00359
        v.                             )
                                       )
NORTHEAST BEHAVIORAL HEALTH            )
CORPORATION,                           )
JENNIFER CULLEN, and                   )
HILARY JACOBS,                         )
                Defendants.            )
                                       )

**AFFIDAVIT OF ACCEPTANCE OF SERVICE**

        I, Scott A. Roberts, hereby depose and states as follows:

        1.      I am an attorney duly licensed in the Commonwealth of Massachusetts.

        2.      I represent Defendants Northeast Behavioral Health Corporation, Jennifer Cullen,
and Hilary Jacobs ("Defendants").

        3.      I am duly authorized by Defendants to accept service of process on their behalf.

        4.      On May 9, 2024, I accepted service of the following documents from Plaintiffs'
counsel on behalf of the Defendants: Amended Complaint, Civil Tracking Order, and Civil
Action Cover Sheet. I waived the requirement of providing a summons for each Defendant.

        Signed under the penalties of perjury this 9th day of May 2024.

                                                 _____
                                                 Scott A. Roberts (BBO550732)

                                                 A TRUE COPY, ATTEST
                                                 X_____
                                                 DEPUTY ASS'T. CLERK