**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDREA WELLS, JEANNETTE HOLLAND, and MARTIN MCCRAY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHEAST BEHAVIORAL HEALTH CORPORATION, JENNIFER CULLEN, and HILARY JACOBS<br><br>Defendants. | C.A. No. 1:24-cv-11256 |

**PROTECTIVE ORDER**

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and highly sensitive information that they or a third party may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, and all third parties providing discovery in this action—will adhere to the following terms:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. "Confidential" information means confidential, proprietary, financial, or otherwise highly sensitive or legally-protected information designated as "Confidential" by a party or producing party. "Confidential" information may include information that falls within one of more of the following categories:

(a) information that is required to be treated as confidential by law;

(b) personal financial information;

(c) information concerning the disciplinary records of any individual;

(d) personal, private, or sensitive information of a kind that is not typically publicly shared;

(e) information which any party to this action asserts in good faith involves matters of fundamental personal privacy; or

(f) any other category of information this Court subsequently affords confidential status.

Information or documents that are available to the public may not be designated as "Confidential." All designations of "Confidential" information shall be made in good faith by the party or entity making such designation (the "Designating Party") and shall be made at the time of disclosure, production, or tender to the party receiving such disclosure, production, or tender (the "Receiving Party"), or at such other time as permitted by this Order. In the event a third party produces information or documents in this matter (e.g., in response to a subpoena) that one of the parties believes contains their "Confidential" information, that party may designate such materials as "Confidential" within 14 days after receipt of the production by the

third party. Designation of any "Confidential" information shall be limited to information that the Designating Party has a good faith interest in preserving as confidential and/or a responsibility to individuals in preserving their privacy rights and/or a responsibility to third parties to preserve the confidential or proprietary nature of the information. Receipt without objection by the Receiving Party of "Confidential" information shall not constitute an admission or agreement that such information has been appropriately designated as such.

3. With respect to the Confidential Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such Discovery Material as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion of a document in a manner that will not interfere with legibility or audibility (the "Confidentiality Stamp"); and (b) producing for future public use another copy of said Discovery Material with the "Confidential" information redacted. Applying a Confidentiality Stamp does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition testimony as Confidential Discovery Material by stating on the record during the deposition that a question calls for "Confidential" information, in which case the reporter mark the portions of the transcript containing such designated testimony as "Confidential." Absent such designation, all deposition testimony taken in this case shall be treated as "Confidential" information until the expiration of 30 days after the transcript is delivered to all parties. Within this period, a party may notify the reporter and all counsel of record, in writing, of the specific pages and lines of the transcript that are to be designated "Confidential" (a "Notice of Designation"), in which case all counsel receiving the transcript will be responsible for marking

the copies of the designated transcript in their possession or under their control as directed by the Designating Party. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as "Confidential" information, unless otherwise ordered by the court period. No person may attend portions of depositions designated as "Confidential" unless such person is an authorized recipient of materials designated as "Confidential" under the terms of the Order.

5. If at any time before the trial of this action a party realizes that it should have designated as "Confidential" some portion(s) of Discovery Material that was previously produced without limitation, the party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential."

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) impeding the ability of a party to submit documents containing "Confidential" information to the Court in connection with motion practice or other court practice, so long as "Confidential" information is appropriately redacted. In the event that a party believes that redacting "Confidential" information from motions or other court filings will impair the ability of that party to present the issue to the Court, that party may seek permission from the Court to submit the "Confidential" information to the Court under seal for in camera review. If the Court denies the request to submit the "Confidential" information under seal, that party will not be prohibited from submitting unredacted "Confidential" information to the Court for purposes of the motion

or other legal filing. Except by prior order of the Court, no information designated "Confidential" shall be filed with the Court.

7. Where Discovery Material has been designated as "Confidential," persons subject to this Order may disclose such information only to the following persons: (a) counsel for the parties, including counsel's staff (e.g. paralegals); (b) experts or consultants retained by any party in this matter; (c) court reporters and video recorders engaged for depositions; (d) witnesses for depositions to whom disclosure is reasonably necessary; (e) the author or contemporaneous recipient of a document containing "Confidential" information; (f) defendant's insurer and their counsel; (g) the Court and its personnel; (h) government agencies; and (i) potential witnesses.

8. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

9. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

10. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose. Nothing contained in this Order, however,

will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

11. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

12. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due and reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material. If "Confidential" information provided to a Receiving Party is disclosed to anyone other than in a manner authorized by this Order, the Receiving Party shall, upon learning of such disclosure, immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and shall make every reasonable effort to retrieve such "Confidential" information and to prevent further disclosure.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure of information subject to a claim of attorney-client privilege or attorney work product protection, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed, unless the receiving party reasonably contests the assertion of attorney-client privilege or attorney work product protection.

15. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Order does not, by itself, authorize the impoundment of any documents.

19. This Order will survive the termination of the litigation.

SO ORDERED:

/s/ Brian E. Murphy
United States District Judge

Date: April 29, 2025