**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDREA WELLS, JEANNETTE HOLLAND, and MARTIN MCCRAY, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>NORTHEAST BEHAVIORAL HEALTH CORPORATION, JENNIFER CULLEN, and HILARY JACOBS<br><br>          Defendants. | C.A. No. 1:24-cv-11256 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Defendants Northeast Behavioral Health Corporation ("Northeast"), Jennifer Cullen, and Hilary Jacobs (collectively, "Defendants") submit this Opposition to the Motion to Compel Discovery (Dkt. No. 60) (the "Third Motion to Compel") filed by Plaintiffs Andrea Wells, Jeannette Holland, and Martin McCray (collectively, "Plaintiffs"). Plaintiffs' Third Motion to Compel is nothing but a cast into a dark pond, hoping to find some evidence of misconduct that they have not even alleged occurred in their hopes of salvaging a novel claim that is both factually unfounded and not legally viable. Specifically, after already receiving time and payroll records for all putative class members along with a specific description of how Northeast's time rounding practice is applied, which is all that Plaintiffs and their counsel could conceivably need to show how Northeast's time rounding practice was implemented in practice, Plaintiffs pointlessly seek information and documents that have no relevance to substantiating the allegations they have made.

1

In the Second Amended Complaint, Plaintiffs added allegations in support of the creative but legally erroneous notion that time rounding—a practice expressly permitted by Massachusetts and federal law—is inherently a violation of the Massachusetts Wage Act. As this Court already ruled in a separate proceeding also brought by Plaintiffs' counsel, with nearly verbatim allegations against an employer with the same time-rounding practice, that argument holds no water. *See Darden v. Colbea Enters., L.L.C.*, No. CV 23-11540-BEM, 2025 WL 915761, at \*5–6. (D. Mass. Mar. 26, 2025).

For a rounding practice to be lawful, it must be neutral on its face and neutral as applied. *Id.* There is no genuine dispute that Northeast's practice is neutral on its face. *See id.* at n.5 (acknowledging Plaintiffs' counsel's concession that a rounding practice that rounds down from seven minutes and up from eight minutes to the nearest quarter of an hour—*exactly as Northeast does*—is facially neutral). To ascertain whether a rounding practice is neutral as applied requires nothing more than the application of basic math. *See id.* ("As Ms. Darden both concedes that Defendants' policy is facially neutral and does not contest the statistics themselves, the Court may rely on the analysis to assess whether the policy is neutral as applied"); *Boone v. PrimeFlight Aviation Servs., Inc.*, 2018 WL 1189338, at \*14 (E.D.N.Y. Feb. 20, 2018), *report and recommendation adopted*, No. 15CV6077JMAARL, 2018 WL 1187402 (E.D.N.Y. Mar. 7, 2018) (granting summary judgment and finding "rounding policy was neutral on its face and in application and did not result in the systematic undercompensation of its employees" based solely on analysis of time entry data). The only way for Plaintiffs to prove that a rounding practice is not applied neutrally—*something that they have not even alleged in their amended complaint*—is to analyze the time and payrolls records and assess whether the rounding "averages out so that an employee is fully compensated for all the time they actually worked ...

over a [reasonable] period of time." 29 C.F.R. § 785.48(b); 454 Mass. Code Regs. § 27.07(3). Nothing beyond statistical analysis of payroll and time could demonstrate that the practice does not average out appropriately—no communications or other documents would alter the conclusion of the data. Northeast already produced time and payroll records weeks ago along with copies of all policies that would apply to Plaintiffs. In its responses to Plaintiffs' Second Set of Interrogatories, Northeast already specifically described how its practice works, and stated that it is simply a feature of its timekeeping system. The further discovery that Plaintiffs seek, e.g., communications by Northeast regarding the "existence" or "implementation" of the rounding practice and information regarding efforts to ensure that its "Time Rounding Policy complied with the Fair Labor Standard Act," would in no way serve to substantiate or help resolve Plaintiffs' claims, especially where there is no requirement that employees be notified of a rounding practice. *See* 29 C.F.R. § 785.48(b); 454 Mass. Code Regs. § 27.07(3).

While Plaintiffs object to the mere existence of Northeast's lawful time-rounding practice, their Second Amended Complaint (reflecting their third bite at the legal apple) is bereft of any contention that Northeast did anything untoward in connection with its rounding practice. There are no allegations that Northeast directed employees to, for example, not clock in more than seven minutes early such that time would average out in Northeast's favor, or that Northeast had a disciplinary policy permitting employees to clock in early, but prohibiting them from clocking out more than seven minutes late, or that any time was edited outside the parameters of the neutral rounding practice. Absent any such allegations, there is no reason that Northeast should be forced to incur the significant expense of extracting and analyzing communications pertaining to approximately 50 employees so that Plaintiffs can try to find evidence of something they have not even alleged happened. If Plaintiffs had been pushed in some manner to tilt the

3

scales of the rounding practice in Northeast's favor, they certainly would have mentioned this in their First Amended Complaint, or in their Second Amended Complaint.  But, tellingly, they did not, because they were not so pushed, and they have no basis to allege, and have not alleged, that any other employee was.  Accordingly, the discovery sought is merely speculative and should not be permitted.  *In re Subpoena to Witzel*, 531 F.3d 113, 119 (1st Cir.2008) (affirming denial of motion to compel and noting "speculative and attenuated connection" between materials sought and claims or defenses insufficient to establish relevance); *Est. of Rand v. Lavoie*, No. 14-CV-570-PB, 2017 WL 11541229, at *3 (D.N.H. July 25, 2017) (denying motion to compel as "a speculative or attenuated connection between materials sought and claims or defenses is insufficient to establish relevance under Rule 26(b)(1)" (internal quotations and citation omitted)).

Plaintiffs' Third Motion to Compel stands on nothing more than speculation and wishful thinking, and that is simply not enough to warrant the relief they seek.  Defendants have already provided Plaintiffs with all the documents and information that they could conceivably need to show that anything is amiss with Northeast's application of its time rounding practice. Everything else Plaintiffs seek is purposeless, and Northeast should not be required to accompany Plaintiffs on, or pay for, their fishing trip into empty waters.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants Northeast Behavioral Health Corporation, Jennifer Cullen, and Hilary Jacobs respectfully request that the Court deny Plaintiffs' Third Motion to Compel Discovery.

4

Respectfully submitted,

**NORTHEAST BEHAVIORAL HEALTH CORPORATION, JENNIFER CULLEN, AND HILARY JACOBS**

By their attorneys,


 /s/ John D. Arnold
Scott A. Roberts (BBO# 550732)
    *sroberts@hrwlawyers.com*
John D. Arnold (BBO# 699350)
    *jarnold@hrwlawyers.com*
Julia E. Russo (BBO# 707682)
    *jrusso@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
One Liberty Square, 12th Floor
Boston, MA 02109
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: July 7, 2025


## CERTIFICATE OF SERVICE

I, John D. Arnold, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 7, 2025.


 /s/ John D. Arnold
John D. Arnold